

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
05/05/2015

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MARC B. MEANS and | ) | CASE NO. 15-80170-G3-13 |
| BERNADETTE Y. MEANS, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the "Debtor's Emergency Motion for Imposition and Extension of the Automatic Stay as to All Creditors Pursuant to 11 U.S.C. § 362(c)(4)" (Docket No. 9). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Marc B. Means and Bernadette Y. Means ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 30, 2015.

The instant case is Marc Means' third case within the previous year. Marc Means was the debtor in Case No. 14-80118-G3-13, which was filed on March 31, 2014, and dismissed on August 8, 2014. He also was the debtor in Case No. 14-80429-G3-13,

which was filed on November 3, 2014, and dismissed on February 20, 2015.  Both previous cases were dismissed for failure of the debtor to make Chapter 13 plan payments.

In the instant case, Debtors have filed credit counseling certificates, schedules, a statement of financial affairs, a statement of current monthly income and calculation of disposable income, and payment advices.  Debtors have proposed a Chapter 13 plan.

In the instant motion, Debtors seek imposition of stay as to all creditors.

At the hearing on the instant motion, Marc Means testified that, during Case No. 14-80118-G3-13, he was laid off from his employment.  He testified that, during Case No. 14-80429-G3-13, plan payments were not made because he believed payments were made pursuant to a wage order.  He testified that he did not monitor the payments, and thus was unaware that payments were not being made.

In the instant case, the court has entered a wage order (Docket No. 12).  Marc Means testified that he has made the first payment with respect to Debtors' plan in the instant case.  He testified that he will monitor payments in order to ensure that payments are being made.

## Conclusions of Law

Section 362(c)(4)(A)(i) provides that no stay goes into effect in a case filed by an individual debtor, if two or more cases of the debtor were pending within the previous year but were dismissed. 11 U.S.C. § 362(c)(4)(A)(I).

The court may order the stay to take effect if a party in interest requests imposition of stay, and the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stated. 11 U.S.C. § 362(c)(4)(B).

A presumption applies that the instant case was not filed in good faith, as a result of there having been two or more previous cases pending within the one year period previous to the date of filing of the instant case, in which the debtor in the instant case was a debtor. The presumption may be rebutted by clear and convincing evidence to the contrary. 11 U.S.C. § 362(c)(4)(D)(i)(I).

Debtors have rebutted the presumption that the instant case was not filed in good faith. The uncontroverted testimony of Marc Means establishes that he is monitoring the payments to ensure that the problem which caused dismissal of the previous case will not recur. Debtors have filed credit counseling certificates, schedules, a statement of financial affairs, a statement of current monthly income and calculation of disposable

income, payment advices, and a Chapter 13 plan. The court concludes that the instant motion should be granted.

Based on the foregoing, a separate Judgment will be entered granting the "Debtor's Emergency Motion for Imposition and Extension of the Automatic Stay as to All Creditors Pursuant to 11 U.S.C. § 362(c)(4)" (Docket No. 9).

Signed at Houston, Texas on May 5, 2015.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE